May it please the court, my name is Maria Genovese and I'm representing the petitioner Martinez-Escalera. Since the filing of the opening brief in this case, the U.S. Supreme Court decided Martinez-Gutierrez and the companion case of Sawyer overruling Cuevas-Gaspar, a case that the petitioner relied on in his opening brief to support his argument for imputation. Not your fault, but it seems to have taken the argument away, doesn't it? Is there anything left? Well, yes. I believe that I can distinguish. And basically, Martinez-Gutierrez is applicable in the sense that, you know, that I have relied on Cuevas-Gaspar. But on the other hand, it is not applicable because it was decided on a very narrow issue of whether the court in that case should allow a Chevron deference to the board's interpretation of imputation in Escobar. Here, on the other hand, in this case, the board did not engage in any kind of statutory interpretation of the section 240AB. And so, therefore, the Chevron deference does not apply to the board's decision in this case. At the most, the Skidmore type of analysis should be applied, but the board did not. What was the principle, what was the substance of the BIA's decision that the Supreme Court upheld and should be followed applying Chevron deference in the Martinez-Gutierrez case? Well, in that case, it was a narrow issue of whether imputation should be allowed from parent to child. And in that case, the Supreme Court held that the board's construction of the statute was reasonable in the sense that it would not allow imputation because of my train of thought. Is there anything in the interpretation that limits it to the particular relationship? I mean, isn't the broader thrust of the board's decision, as acknowledged by the Supreme Court and as recited by the Supreme Court, the board has required each alien seeking cancellation of removal to satisfy Section 1229BA's requirements on his own? Right. But it's specific. Why doesn't that close the door to imputation just because the relatives change, just because it's not a parent to child, as opposed to child to parent or anything else? How is the principle any different? Because the Escobar decision and also the Ninth Circuit cases from Lepic-Guitron to Mercado de Azuleta, the imputation from parent to child hinged on the common law principle that a child cannot determine his own residence or domicile. Well, that just suggests that your case is weaker because the child doesn't dictate the parent's domicile. Well, but I'm also arguing imputation from spouse to spouse, and in that case, marriage has even a higher priority than a child-parent relationship in immigration law. If we look at the fact that, for example, a spouse is allowed to naturalize after only three years of being a permanent resident, whereas a child can naturalize only after five years of being a permanent resident. And there are many other distinctions in a marital context as far as immigration law. For example, many waiver applications only allow as an eligible relative a parent or a spouse, not a child. So immigration law is replete with the ‑‑ Don't you think that ‑‑ it always seemed to me that the imputation of the parent to the child was quite sensible because the child may not have been born yet. And so that seemed to make sense. But spouse to spouse seems to make much less sense. How can you say that it makes more sense than ‑‑ Well, in many ways, a marital relationship is a union. I mean, many sources talk about after marriage, the two parties become one. So this is even a stronger bond. And it's also consensual, contractual. You know, we are talking about consummating the marriage. So it's even ‑‑ you know, it's the joining of the bodies as well. The parties do become one. And so I think it's ‑‑ and also it's consensual, whereas in specifically in Escobar, they talk about the fact that the common law principle of a child not being able to choose his own domicile. But in this case, it's an intentional choice of residence by the two spouses. And ‑‑ It's about the best you can do. Okay. I did have some other arguments. The other argument I wanted to address is that as far as residence in a marital relationship and in an immigration context, residence is a prerequisite for a determination of good faith marriage. Without residence, the marriage could be considered ‑‑ without a common residence of the parties, the marriage could be considered a fraudulent marriage. Oh, is it the law that people who happen to be married to a U.S. citizen are automatically allowed to stay in the United States? It's not the law, is it? So it doesn't appear that immigration law adopts a policy that says you're allowed to stay in the United States if you're married to a U.S. citizen. I don't see how it's important for married people to be together, but I don't see how you can argue that immigration law requires that since it plainly doesn't. Well, but a U.S. citizen's spouse isn't considered an immediate relative. It's the highest priority as far as immigrating to the U.S. A child, on the other hand, there are various categories. A child who is married or over 21 is not considered an immediate relative. And also, like I said, with the waiver provisions, there are many provisions where a child is not a qualifying relative. For example, the provisional waiver that the Obama administration has recently allowed would not allow a person to receive a waiver of tenure or bar if they only have a U.S. citizen child as a qualifying relative. Only a spouse and a parent could be a qualifying relative for those purposes. Anything else now, or would you like to save the balance of your time for rebuttal? Yes. All right. I'd like to save my time. You may do so. We'll hear from the Attorney General. Good morning, Your Honors. May it please the Court. Rani Dharacharapuri for the Attorney General. The petition for review should be denied. This is a case involving cancellation of removal for certain permanent residents of the United States. And the plain language of the statute requires 7 years of continuous residence after admission in any status. Petitioner does not dispute that he has less than 4 years of continuous residence in the United States. The agency applied the clear language of the statute and found that he was ineligible for cancellation of removal. Thus, its rejection was proper and a proper rejection of Petitioner's imputation argument. I mean, the government recognizes that in this case Petitioner has created a further twist by imputing to himself his United States citizen children and former spouse's period of residence in the United States. He's not alone. The logic of imputation found some traction in this Court. And this was a particularly harsh case, isn't it? Well, I'm not sure I would say it's harsh, Your Honor. It's clear that he's transposed the issue addressed in Martinez-Gutierrez. That, however, does not make his argument more tenable. In fact, as Your Honor rightly said, it places him in a weaker position. The Board's varied willings on imputation follow from one straightforward distinction that implicates an alien state of mind. But not objective conditions such as status or residence as is required for cancellation of removal. Importantly, such imputation flows only from a parent to a child and not the reverse as Petitioner seeks. And the reason for that is because this Court, even this Court, has found that children are, legally speaking, incapable of forming the necessary intent or state of mind. Petitioner is a 41-year-old adult. By the time he got his green card, he was already an adult. He was not a child. Additionally, the structure of the statutory scheme is inconsistent with imputation as the plain text of Section 1229B-A2 requires that the alien personally satisfy its eligibility requirements. And that was the thrust of the Supreme Court's decision in Holder v. Martinez-Gutierrez. It didn't just limit it to the parent-child imputation. It covered the entire concept of imputation in total. The lack of an explicit bar to imputation does not suggest that imputation is permissible in this case, Your Honor. I mean, moreover, the legislative history and the statutory context do not reveal any congressional intent to permit imputation under this section of the INA. Father, the general legislative preference for family unity cannot trump the statute's clear eligibility requirements. Yes, but we still have someone who was a lawful permanent resident. He had his green card. He had three, what, four United States citizen children. Yes, Your Honor. He went across the border and tried to enter to get his cousin's children into the country. Illegally. Yes, Your Honor. I recognize that he was a green card holder, but he committed a removable offense, and that is why we're here today, Your Honor. And the preference of family unity cannot trump the statute's clear eligibility requirements. The alien's family ties are to be considered in determining whether he should be granted relief as a matter of discretion. It doesn't trump. I do understand. Yes. Okay, Your Honor. Thanks. And so Petitioner's reliance on any such general policy is absurd in this case, especially considering that he is an alien who has committed a removable offense. He is an adult. He's relying on his wives and his United States citizen children's residency in the United States. Petitioner was already an adult even before he had a child, even before he married his U.S. citizen wife. So it just doesn't make any sense at all. The argument, you know, has no merit whatsoever. There is no single authority that Petitioner has cited other than hopping on the family preference issue, and has stated that just cannot trump the legislative intent. The authority cited was relied upon was the decision from this Court. Unfortunately, that's been superseded. Certainly, Your Honor. Yes. It's been superseded, and the Supreme Court's decision was very, very clear that it was entire issue of imputation, not just flowing from the parent to the child. And it was unanimous. It was unanimous. Yes, it was. So Petitioner's removal order was perfectly lawful, Your Honors. His quest for reopening is untenable in all respects. And, you know. Anything else we need to hear from you? Not at all, Your Honor. Thank you very much. Thank you. We thank you for the argument. Rebuttal. I just want to reiterate my previous point that the Supreme Court's decision can be narrowed to its facts. It did not categorically rule out the possibility of imputation. It specifically only addressed the issue of imputation from child to parent. And it's our reasoning regarding the imputation of intent as opposed to objective facts, where this court in Mercado de Azueta specifically pointed out that it knows of no authority for the proposition that intent standing alone is the touchstone of imputation analysis. Imputation in, for example, the law of agency or other contexts can be not just of intent, but also facts and actions. So, again, the Supreme Court's case can be not narrowed. It only is a Chevron type of analysis of a board's decision in Escobar. And in this case, we have a different intention. Thank you. Thank you. We thank both counsel for your arguments. The case just argued is submitted.
judges: Tunheim, Schroeder, Clifton